IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WINRIGHT FAT JOHNSON**

    **Plaintiff,**

vs.                                         No. O8cv314 JB/RLP

**HOBBS CITY JAIL; SCOTT WIMBERLY,**

    **Defendants.**

## ORDER TO SHOW CAUSE

This is a civil action filed pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1342(3). This matter has been referred to me by the Hon. James O. Browning for Recommended Findings and Final Disposition. [Docket No. 24].

Plaintiff filed his Complaint on March 20, 2009, seeking monetary and injunctive relief. Plaintiff alleged that he was unconstitutionally arrested following a traffic stop that was initiated without probable cause, and that while in custody he was unconstitutionally denied medical care. Defendants filed a Motion for Summary Judgment, supported by affidavits and exhibits, on February 3, 2010. (Docket Nos. 28, 29). Plaintiff's response to the Motion was due on February 22, 2010. D.N.M. LR-7.4(a). Plaintiff has not responded to the Motion, or sought additional time in which to do so.[1]

---

[1] This conduct by Plaintiff is consistent with his general prosecution of this case. On June 25, 2009, a Notice of Impending Dismissal was entered because of Plaintiff's failure to take steps to execute service of process on Defendants for three (3) months following the granting of his motion to proceed *in forma pauperis.* (Docket No. 8). Plaintiff did not contribute to the Joint Status Report filed on November 24, 2009) (Docket No. 16). On November 25, 2009, Plaintiff advised the court that he had retained counsel (Docket No. 18), however no appearance by counsel acting for Plaintiff has been filed with the court.

Plaintiff is proceeding in this action *pro se*. While a *pro se* litigant's pleadings are held to less stringent standards, they must nevertheless comply with the same procedural rules as other litigants. **See Barnes v. United States**, 173 Fed. Appx. 695, 697 (10th Cir.2006)(citing **Ogden v. San Juan County**, 32 F.3d 452, 455 (10th Cir.1994); **Green v. Dorrell**, 969 F.2d 915, 917 (10th Cir.1992)). It is not the district court's function to assume the role of advocate for the *pro se* litigant. See **Bergman v. LaCouture**, 218 Fed. Appx. 749, 750 (10th Cir.2007). Nevertheless, the Tenth Circuit has expressed concern that *pro se* litigants not have their suits dismissed on summary judgment merely because they have failed to comply with the technical requirements involved in defending such a motion. See generally **Hall v. Bellmon**, 935 F.2d 1106, 1111 (10th Cir.1991); **Jaxon v. Circle K Corp.**, 773 F.2d 1138, 1140 (10th Cir.1985).

Accordingly, Plaintiff shall have until **March 18, 2010**, to file a Response to Defendants' Motion for Summary Judgment. The court directs Plaintiff to F.R.Civ.P. 56, which delineates Plaintiff's obligations in responding to Defendants' Motion for Summary Judgment. The court further advises Plaintiff that failure to file a Respond in the time designated may result in granting of Defendants' Motion.

**IT IS SO ORDERED**.

_____
RICHARD L. PUGLISI
Chief United States Magistrate Judge