IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WINRIGHT FAT JOHNSON,

    Plaintiff,

v.                                                                                                          Civ. No. 08-314 JB/RLP

HOBBS CITY JAIL and
SCOTT WIMBERLY,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This matter comes before the Court on Defendants' Motion for Summary Judgment, the motion having been referred by the district judge for a recommended final disposition [Doc. 24].

2.    Plaintiff brings his action pursuant to 42 U.S.C. § 1983.  He alleges the police arrested him without probable cause, in violation of his Fourteenth Amendment rights; and that once incarcerated  jail officials were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

3.    A party is entitled to summary judgment as a matter of law when there is no genuine issue as to any material fact.  Fed.R.Civ.P. 56(c).  An issue of fact is "genuine" if there is sufficient evidence that a rational trier of fact could find for the non-movant.  *Simms v. Oklahoma ex rel. Dep't of Mental health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  "An issue of fact is 'material' if, under the substantive law, it is

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation  (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court.  A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R.  If no objections are filed, no appellate review will be allowed.

essential to the disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  The Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

    4.    On December 21, 2007 Plaintiff was stopped by Officer Wimberly for the failure to wear a seat belt.  The 1975 vehicle Plaintiff was driving was only equipped with a lap belt and the officer states that belt was unfastened.  Plaintiff did not have a driver's license, but a DMV check indicated Plaintiff's license had been suspended due to a prior DUI.  Plaintiff was arrested for failure to wear a seat belt and driving with a revoked license.

    5.    Plaintiff was booked on December 20, 2007.  On the booking form he noted a history of heart disease and high blood pressure. Doc. 29-5, page 1.  The jail's daily log indicates that Plaintiff was taken to the hospital at 7:10 p.m. and he returned approximately two hours later. Doc. 29-6, page 2.  His medications were logged in on December 21st, *id*. at 3 and indicate that he was given medication later that day. *Id*. at 4.  He also received medication on December 23. *Id*. at 5.  On December 25, Plaintiff reported, *inter alia*, chest pains and the EMTs arrived at the jail. *Id*. at 7.  Plaintiff was released on December 26. *Id*. at 8.

    6.    The other medical records submitted indicate that Plaintiff was given aspirin every day from December 21 through December 25. Medication Log, Doc. 29-8, page 1. He was given Metoprolol December 21, 23, 24 and 25. *Id*. at 2.  He was to be given nitro pills as needed, but evidently did not need them. *Id*. at 3.  He was given Simvastatin on December 21, 23, 24 and 25. *Id*. at 4.

7. On December 25, the physician who saw him indicated that Plaintiff needed to follow up with a cardiologist and to return to the hospital if his chest pains recurred. Doc. 29-7 at 2. On December 26, 2007, Plaintiff pleaded *nolo contendere* to the charges of license revocation and failure to wear a seatbelt and was released. Doc. 29-9.

8. As stated by the United States Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a complaint under . . . § 1983. Challenges to the validity of any confinement . . . are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action. . . . In *Heck v. Humphrey* . . . we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citations omitted).

9. Plaintiff in this § 1983 action, which seeks monetary damages, contests the validity of his arrest. Because success on this cause of action questions the validity of his conviction, his claim is foreclosed by *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants are therefore entitled to summary judgment on this claim, which will be dismissed without prejudice. *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) (§ 1983 claims dismissed pursuant to *Heck* are without prejudice).

10. Plaintiff alleges a violation of his Eighth Amendment rights. The Eighth Amendment prohibits prison officials from being deliberately indifferent to the serious medical needs of prisoners in their custody. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such a claim requires Plaintiff to prove two elements: (1) that he suffered objectively serious medical needs; and (2) that the prison officials actually knew of and deliberately

disregarded those needs. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). Disagreement with the type of treatment received is not cognizable under the Eighth Amendment. *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

11. Plaintiff has a history of heart disease and high blood pressure, which the Court finds is serious. In his Complaint he alleges that required medications were not given to him and he had to be taken to the hospital on two occasions.

12. The summary of medications, *supra* at ¶¶ 5-6, do not show deliberate indifference to Plaintiff's serious medical needs. Plaintiff contests some of the times and dates medications were given to him and states he needs additional discovery to determine what medications he should have received. Plaintiff tries to imply that the Defendants failure to provide the proper medication resulted in his being taken to the hospital, but the records do not support this contention. A physician noted that Plaintiff should see a cardiologist if his problems persisted, but there is nothing in the medical records to indicate that anything done, or not done, by Defendants was due to their "deliberate indifference" as required for a constitutional violation. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim.

## RECOMMENDED DISPOSITION

I recommend that Defendants' Motion for Summary Judgment [Doc. 28] be granted and Plaintiff's Fourteenth Amendment claim be dismissed without prejudice and that his Eighth Amendment claim be dismissed with prejudice.

Richard L. Puglisi
Chief United States Magistrate Judge