IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WINRIGHT FAT JOHNSON,

        Plaintiff,

vs.                                                             No. CIV 08–0314 JB/RLP

HOBBS CITY JAIL and
SCOTT WIMBERLY,

        Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on the Magistrate Judge's Report and Recommendation, filed April 15, 2010 (Doc. 37). The Magistrate Judge's findings notified the parties of their ability to file objections and that failure to do so waives appellate review. See id. at 1 n.1. See also Casanova v. Ulibarri, No. 09-2096, 2010 U.S. App. LEXIS 2654, at *2 (10th Cir. Feb. 9, 2010)("This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge.")(citation and internal quotation marks omitted). To date, Plaintiff *pro se* Winright Fat Johnson has not filed any objections, and there is nothing in the record indicating that the proposed findings were not delivered.

The Magistrate Judge recommends that the Court grant Defendants Hobbs City Jail and Scott Wimberly's Motion for Summary Judgment, filed February 3, 2010 (Doc. 28), dismiss Johnson's Fourteenth-Amendment claim without prejudice, and dismiss his Eighth-Amendment claim with prejudice. The Court has conducted an in-depth review of the Complaint and briefings and the Court agrees with the Magistrate Judge's recommendations and will

adopt the Report and Recommendation.

Johnson's Complaint alleges two claims pursuant to 42 U.S.C. § 1983: (i) police arrested him without probable cause, and thus his conviction, to which he pled *nolo contendere*, was unlawful; and (ii) while incarcerated, jail officials were deliberately indifferent to his medical needs, in violation of the Eighth Amendment. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2-6, filed March 20, 2008 (Doc. 4). The Court notes that in Johnson's response to the motion for summary judgment, he makes no mention of his first cause of action, and appears to have abandoned it. See Reply in Opposition to Defendants' Motion for Summary Judgment, filed March 18, 2010 (Doc. 32). Johnson also did not file any objections to the Magistrate Judge's Report and Recommendation. The Supreme Court of the United States in Heck v. Humphrey, 512 U.S. 477 (1994), held that a § 1983 claim calling into doubt a criminal conviction cannot be maintained unless and until the plaintiff has successfully challenged the affected conviction through habeas review. See 512 U.S. at 487. The Supreme Court stated:

> [W]hen a state prisoner seeks damages in a suit under 42 U.S.C. § 1983, a United States District Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. See Howard v. Dickerson, 34 F.3d 978, 981 n.2 (10th Cir. 1994)("[A] conviction represents a defense to a § 1983 action asserting arrest without probable cause."). Because Johnson pleaded *nolo contendere* to the charges of license revocation and failure to wear a seatbelt, and New Mexico defines convictions to include pleas of *nolo contendere*, see NMSA 1978, § 30-1-11; Howard v. Dickerson, 34 F.3d at 981, the Court will adopt the Magistrate Judge's finding that Heck v. Humphrey forecloses Johnson's first claim, and will dismiss the first claim without

prejudice.  See Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice.").

The Magistrate Judge also recommends that Johnson's second claim for violation of his Eighth Amendment rights should be dismissed with prejudice because nothing in the record demonstrates that the Defendants acted with deliberate indifference towards Johnson.  The Court has reviewed the record, and viewing the facts in the light most favorable to Johnson, the Court agrees with the Magistrate Judge's determination that the Defendants' actions -- calling emergency medical personnel twice to take Johnson to the hospital and administering medication to him while he was in jail -- did not amount to deliberate indifference to Johnson's serious medical needs. See Randall v. Bd. of County Comm'rs, 184 Fed. Appx. 723, 726 (10th Cir. 2006)(finding that deliberate indifference is "a difficult standard to meet, as deliberate indifference. . . requires a higher degree of fault than negligence, or even gross negligence," and holding that deliberate indifference was not shown when the defendants gave a jail inmate medicine and gave him medical care when needed)(internal quotation omitted).  The Court, therefore, will adopt the Magistrate Judge's recommendation and grant summary judgment to the Defendants on Johnson's second claim.

**IT IS ORDERED** that: (i) the Magistrate Judge's Report and Recommendation is adopted; (ii) Plaintiff Winright Fat Johnson's Fourteenth-Amendment claim is dismissed without prejudice; and (iii) Johnson's Eighth-Amendment claim is dismissed with prejudice.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Winright Fat Johnson
Hobbs, New Mexico

    *Plaintiff Pro Se*

Ronald J. Childress
Klecan & Childress
Albuquerque, New Mexico

    *Attorneys for the Defendants*